Natalie Lyons, No. 293026
Vess A. Miller, No. 278020
CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 636-6481
nlyons@cohenmalad.com
vmiller@cohenmalad.com

[*additional counsel listed on signature pages*]
**Counsel for Plaintiffs and the Proposed Class**

Starr Drum, No. 336691
Polsinelli PC
2000 Southbridge Parkway, Suite 301
Birmingham, AL 35209
Telephone:     (205) 963-7136
sdrum@polsinelli.com

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **JANE DOE, JANE ROE, JANET DOE, AND JANET ROE** individually and on behalf of all others similarly situated,<br><br>**Plaintiffs**<br><br>v.<br><br>**ALAMEDA HEALTH SYSTEM**<br><br>**Defendant.** | Civil Action No. 3:25-cv-06709-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Before: Honorable Richard Seeborg<br><br>Hearing Date:  November 18, 2025<br>Hearing Time: 2:00 P.M. |

Pursuant to the Case Management Conference Order [Dk 4], Fed. R. Civ. P. 16(b), and Civil Local Rule 16-9, Plaintiffs, Jane Doe, Jane Roe, Janet Doe, and Janet Roe (collectively, "Plaintiffs"), and Defendant, Alameda Health System ("Defendant" or "AHS"), (Plaintiffs and Defendants together the "Parties") by their counsel, hereby respectfully submit the following Joint Case Management Statement.

1. **Jurisdiction and Service**

    a. <u>Service</u>: All parties have been served.

    b. <u>Jurisdiction</u>: This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action wherein the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Complete diversity exists between Defendant and at least one member of the proposed Classes, and there are more than one hundred (100) members in the proposed Classes. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 because it arises under the laws of the United States. The Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district and continue to occur in this district.

2. **Case Facts**:

    a. **Plaintiffs' Statement**: AHS is an integrated public health care system which provides healthcare services to its patients. Plaintiffs are all patients of AHS and utilized AHSs' facilities and health care system over decades of time. Plaintiffs bring this class action to address AHS's alleged widespread practice of disclosing private and confidential patient information of Plaintiffs and the proposed Classes, unlawfully and without authorization, to third parties including Facebook, Google, Trade Desk, and others. Defendant encourages patients to use its website, in order to search for physicians and

facilities, learn about treatment options, pay bills, and access the patient portal, among other uses. Plaintiffs claim AHS embedded tracking technologies and/or code-based tracking devices from Facebook, Google, and other third parties on its website surreptitiously forcing Plaintiffs and the proposed class to disclose their personal and financial information that was input into and/or accessed on AHS's website and transmitted to those third party entities without Plaintiffs' and the proposed class's knowledge or authorization.

b. **Defendant's Statement**: AHS is a public health care system that operates facilities throughout Alameda County, California. AHS maintains a public-facing website at https://www.alamedahealthsystem.org/. AHS denies Plaintiffs' allegations regarding tracking technologies on its website, and denies that Plaintiffs are entitled to any relief.

3. **Key Legal Issues**:

   a. **Plaintiffs' Statement**: Plaintiffs, individually and on behalf of the proposed Classes, have brought claims against Defendant for negligence, negligence *per se*, violation of the Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502, violation of California Consumer Protection Law, Cal. Bus. & Prof. Code §§ 17200, et seq., violation of California Consumer Privacy Act, Cal. Civ. Code, §§ 1798.100, et seq., breach of express and implied contract, unjust enrichment, breach of fiduciary duty, declaratory judgment, breach of confidence, violation of California Invasion of Privacy Act, Cal. Pen. Code §§ 631, et seq., violation of California Invasion of Privacy Act, Cal. Pen. Code §§ 632, et seq., violation of California Invasion of Privacy Act, Cal. Pen. Code §§ 638.51, et seq., and violation of Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511(1), et seq.

   b. **Defendant's Statement**: AHS denies that it has violated any laws and denies that Plaintiffs have stated a claim under any legal theory. *First*, AHS is immune from

liability for Plaintiffs' claims pursuant to the California Governmental Immunity Act, Cal. Govt Code § 810, *et seq*. *Second*, Plaintiffs have not alleged sufficient facts to plead any of their claims.

4. **Pending Motions**: Except as set forth in item 5, below, there are no current motions pending before this Court.

5. **Amendment of Pleadings**: The Parties filed a Stipulation as to an Amended Complaint and Proposed Briefing Schedule for this Court's approval on November 12, 2025. *See* ECF No. 19. Plaintiffs plan to amend their Complaint on or before January 9, 2026. Any motions for leave to amend the pleadings to join additional parties shall be filed on or before **February 18, 2026**.

6. **Evidence Preservation**: The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding preservation of evidence relevant to the issues reasonably evident in this action. The Parties intend to continue to meet and confer and file a Stipulated Order Re: Discovery of Electronically Stored Information and a Stipulated Protective Order using the Court's model forms as needed.

7. **Disclosures**: As of today's date, the Parties have not exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The Parties agree to exchange their initial disclosures on or before **January 23, 2026**.

8. **Discovery**:

    a. <u>Discovery completed to date</u>: No formal discovery has been conducted to date, but the parties are cooperating and informally exchanging information.

    b. <u>Anticipated discovery</u>: The Parties intend to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 14 days after Plaintiffs file their amended complaint, on or before January 23, 2026. Should any of Plaintiffs' claims survive a motion to

dismiss, the Parties intend to exchange written discovery, document productions, ESI, fact depositions, expert reports and depositions, and subpoena third parties as needed. The Parties agreed to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure.

c. Disputes: This case is in the early stages, and, to date, the Parties have not yet identified a discovery dispute. If a dispute arises, the Parties will abide by the rules of discovery dispute in the assigned Magistrate Judge's Standing Order.

d. E-discovery order: The Parties have considered and intend to file a Stipulated Order Re: Discovery of Electronically Stored Information using the Court's model as needed.

e. Pretrial discovery plan: The Parties agreed to abide by Fed. R. Civ. P. 26(f)(3)-(4) in making pretrial disclosures.

9. **Class Actions**:

a. Motion for Class Certification: Plaintiffs intend to file a Motion for Class Certification on or before **January 20, 2027**. Plaintiffs respectfully request that the Court set a hearing on the Motion for Class Certification once fully briefed before ruling on whether to certify the class.

b. Procedural Guidance: The attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

c. Plaintiffs' position to maintain as a class action under Fed. R. Civ. P. 23: This case is maintainable as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3). This action meets the Rule 23 numerosity, commonality, typicality, adequacy, predominance, and superiority requirements for the simple fact that this case involves allegations of a widescale unauthorized disclosure of the private and confidential information of tens of thousands of patients to third parties in a similar way under Fed. R. Civ. P. 23(a) and 23(b)(3). Compl. ¶¶ 247-261. For the numerosity requirement, upon information

and belief, there are likely millions of individuals throughout the United States whose private and confidential information has been improperly used or disclosed by Defendant. For the ascertainability requirement, Class Members are readily identifiable from information in Defendant's possession, custody, and control. The commonality and predominance requirements are met because questions of law and fact common to the Classes exist and predominate over any questions affecting only individual Class Members. Examples of these questions of law and fact are laid out in Plaintiffs' Class Action Complaint ¶ 173. Finally, the superiority requirement is met because a class action is the most efficient means to resolve all the claims in one action.

    d. <u>Plaintiff's description of Classes</u>: Plaintiffs seek to represent at least two (2) classes: Nationwide Class and California Subclass. Compl. ¶ 244. The Nationwide Class will consist of all individuals in the United States who have clicked "Decline all" on AHS's cookie banner within the statute of limitations and whose confidential information was disclosed by Defendant to Third Parties through Defendant's website's tracking technology without authorization. *Id*. The California Subclass will consist of all citizens of California who clicked "Decline all" on Defendant's cookie banner and whose confidential information was disclosed by Defendant to Third Parties through Defendant's website's tracking technology without authorization. *Id*. Plaintiffs reserve the right to modify or amend the definition of the proposed classes before the Court determines whether certification is appropriate.

    e. <u>Defendant's position regarding class certification under Fed. R. Civ. P. 23</u>: AHS disputes that Plaintiffs can satisfy the elements of Rule 23 of the Federal Rules of Civil Procedure for class certification.

10. **Related Cases**: No related cases or proceedings are pending before another judge of this court, or before another court or administrative body.

11. **Relief**:

    a. **Plaintiffs' Statement**: Plaintiffs have not yet been able to determine the total amount of class-wide damages sustained. Defendant has not yet produced the documents and data necessary to estimate damages. Damages to Plaintiffs and putative class members shall be calculated as information becomes available, and expert discovery and expert reports are exchanged. Plaintiffs contend damages should be calculated through expert evaluation, including, but not limited to, the following factors: the value of Plaintiffs' and the proposed class's person and confidential information with third (and fourth) parties, revenues and profits attributable to serving and monetizing advertisements directed to Plaintiffs, AHS's savings in marketing costs, return on investment ("ROI") analysis, Plaintiff's loss of privacy, embarrassment, humiliation, frustration, and emotional distress faced by Plaintiffs, decreased value of Plaintiff's private and confidential information and increased risk of future harm resulting from future use and disclosure of their private and confidential information.

As set forth in the Class Action Complaint's Prayer for Relief, Plaintiffs seek the following remedies, in addition to any additional relief the Court deems just and proper:

    A.    For and Order certifying this action as a Class action and appointing Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

    B.    For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined, as allowable by law;

    C.    For an award of punitive damages, as allowable by law;

    D.    For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiffs' and Class Members' communications or disclosed information and from refusing to issue prompt, complete and accurate disclosures to Plaintiffs and Class Members;

E.  For an Order declaring the rights and obligations of the parties, including, without limitation, that Defendant owes a legal duty to its patients to secure their communications or disclosed information to unaffiliated Third Parties;

F.  For equitable relief compelling Defendant to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety and to disclose with specificity the type of communications or disclosed information compromised and unlawfully disclosed to Third Parties;

G.  For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

H.  For an Order compelling Defendant to pay for not less than three years of credit monitoring services for Plaintiff and the Classes;

I.  For an award of reasonable attorneys' fees and costs under the laws outlined above, the common fund doctrine, and any other applicable law;

J.  Costs and any other expenses, including expert witness fees incurred by Plaintiffs in connection with this action;

K.  Pre- and post-judgment interest on any amounts awarded; and

L.  Such other and further relief as this court may deem just and proper.

b. **Defendant's Statement:** AHS will seek to dismiss Plaintiffs' claims in their entirety. AHS is a governmental entity and is immune from liability for Plaintiffs' claims under the California Governmental Immunity Act. AHS further denies that Plaintiffs are entitled to any relief because they fail to state a claim upon which relief can be granted. AHS has not asserted any counterclaims against Plaintiffs but reserves the right to do so.

12. **Settlement and ADR**: This case is not yet ripe for ADR efforts. However, the Parties are open to the possibility of early settlement. In compliance with ADR L.R. 3-5, the Parties agree

to discuss the ADR options with the Court and make a selection at the Case Management Conference. Pursuant to 3-15(d), the Parties have met and conferred as to the ADR options and believe that private ADR will be the most beneficial. However, the Parties wish to discuss the options with the Court before filing a stipulation to ensure private mediation is the best avenue.

13. **Other References**: This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues**:

    a. **Plaintiff's Statement**: At this time, the most consequential issues to the case are the retrieval of discovery from Defendant in order to understand the full damages which Plaintiff has suffered, and the survival of Plaintiff's claims and the Court's ruling on AHS's impending motion to dismiss.

    b. **Defendant's Statement**: Defendants have asked Plaintiffs to narrow their causes of action to eliminate the claims that are nonviable based on Alameda's status as a government entity. A determination by this Court that AHS has immunity will promote efficiency and help streamline the case.

15. **Scheduling**:

    a. Experts:

        i. Plaintiffs shall disclose any class expert witness and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 21, 2026**.

        ii. Defendant shall disclose any class expert witness and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 20, 2026**.

    b. Discovery cutoffs:

        i. Non-expert witness discovery shall be completed by **September 21, 2026**.

        ii. Expert witness discovery shall be completed by **March 23, 2027**.

c.  <u>Amendment of Pleadings to Add Claims or Defenses</u>: Any motion for leave to amend the pleadings to add a claim or defense shall be filed on or before **October 6, 2026**.

d.  <u>Dispositive motions/motion for summary judgment</u>: Dispositive motions/motion for summary judgment shall be filed on or before **April 22, 2027**.

e.  <u>Final Pretrial Conference</u>: Anticipated to be two weeks prior to trial.

f.  <u>Trial</u>: Plaintiffs have requested a trial by jury and the trial is expected to last 5-7 days. This case is anticipated to be ready for trial by **September 2027**.

16. **Disclosure of Non-party Interested Entities or Persons**: Plaintiffs have filed their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Plaintiffs' Certification of Interested Entities was filed on August 15, 2025, [Dkt. 7]. Plaintiffs hereby reiterate that pursuant to Civil L.R. 3-15, there is no conflict of interest (other than the named parties and putative class) to report. Defendant is a public entity and, therefore, exempt from the filing requirement under Local Rule 3-15 and Rule 7.1 of the Federal Rules of Civil Procedure.

17. **Professional Conduct**: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: November 13, 2025.

Respectfully submitted,

| | |
|---|---|
| /s/ Natalie Lyons | /s/ Starr T. Drum |
| Natalie Lyons, No. 293026 | Starr Drum, No. 336691 |
| Vess A. Miller, No. 278020 | Polsinelli PC |
| Lynn A. Toops* | 2000 Southbridge Parkway, Suite 301 |
| CohenMalad, LLP | Birmingham, AL 35209 |
| One Indiana Square, Suite 1400 | Telephone:   (205) 963-7136 |
| Indianapolis, Indiana 46204 | sdrum@polsinelli.com |
| (317) 636-6481 | |
| nlyons@cohenmalad.com | ***Counsel for Defendant*** |
| vmiller@cohenmalad.com | |
| ltoops@cohenmalad.com | |

J. Gerard Stranch, IV*
John C. Roberts*
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
(615) 255-5419 (facsimile)
gstranch@stranchlaw.com
jroberts@stranchlaw.com

Carly M. Roman, No. 349895
Strauss Borrelli, PLLC
2261 Market Street, Suite 22946
San Francisco, CA, 94114
(872) 263-1100
(872) 263-1109 (facsimile)
croma@straussborrelli.com

Samuel J. Strauss*
Raina C. Borrelli*
Strauss Borrelli, PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
(872) 263-1109 (facsimile)
sam@straussborrelli.com
raina@straussborrelli.com

*To seek admission *pro hac vice*

**Counsel for Plaintiffs and the Proposed Class**

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I attest that the other Signatory has concurred in the filing of the document, which shall serve in lieu of their signature on the document.

Dated: November 13, 2025.

/s/ Starr T. Drum_____
Starr Drum, No. 336691